UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA KOUSSA,<br><br>      Plaintiff,<br><br>    v.<br><br>JOSEPH C. MILLER,<br><br>      Defendant. | Case No. 16-cv-05769-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

      Joseph Miller moves to dismiss the complaint against him for violating the Americans with Disabilities Act and California's Unruh Act.  The motion is granted because the ADA claim is moot and the Court cannot exercise supplemental jurisdiction over the remaining state law claim.

      In September 2016, Pamela Koussa visited Bell Signs in Napa, California, and couldn't find a handicap accessible parking space.  Koussa sued, alleging that the property was required to have a reserved van-accessible parking space.  Miller was served with the summons and complaint on October 15, 2016.  He then hired a Certified Access Specialist, Geoshua Levinson, to inspect the property.  Levinson's inspection identified four barriers to accessibility.  Miller removed those barriers, in part by creating a reserved van-accessible parking space, and Levinson verified in an October 26, 2016 report that the barriers had been removed.  On October 27, 2016, Miller mailed and emailed a letter along with Levinson's report to Koussa's attorney.  As of the filing of her opposition, Koussa or her lawyers had not gone to Bell Signs to see for themselves if the parking space issue had been fixed.  And as of the filing of Miller's reply, Koussa had not requested a joint site inspection.

Miller mooted Koussa's ADA claim by removing the barrier to accessibility posed by not having a van-accessible parking spot.  Because private plaintiffs can only sue for injunctive relief – removal of the barriers to accessibility – under the ADA, a defendant may moot an ADA claim by removing the alleged barriers.  *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *Yates v. Bacco*, No. 11-cv-01573 DMR, 2014 WL 1089101, at *6 (N.D. Cal. Mar. 17, 2014).  In the face of the accessibility certification from Levinson, Koussa needed to submit evidence that the parking lot remains in violation of the ADA if she believed the claim was not moot.  *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).  She has not submitted any evidence of a violation.  Nor has she explained why she has not been able to obtain that evidence in the more than two months between when Miller notified Koussa of the accessibility certification and when Koussa was required to file her opposition to this motion.  *Cf. Cross v. Pac. Coast Plaza Investments, L.P.*, No. 06-cv-2543 JM (RBB), 2007 WL 925840, at *3 (S.D. Cal. Mar. 13, 2007).  The Northern District of California's General Order 56 did not prevent Ms. Koussa or her lawyers from visiting the Bell Signs property to gather any information they would have needed to oppose a Rule 12(b)(1) motion to dismiss on mootness grounds.  Since the undisputed evidence is that the barrier identified in Koussa's complaint has been removed, the ADA claim is now moot and must be dismissed.  *See Johnson v. Cal. Welding Supply, Inc.*, No. 11-cv-01669 WBS GGH, 2011 WL 5118599, at *3 n.1 (E.D. Cal. Oct. 27, 2011).

Having dismissed the ADA claim for lack of jurisdiction, the Court cannot exercise supplemental jurisdiction over Koussa's Unruh Act claim.  *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805-06 (9th Cir. 2001).  And the Court would decline to exercise supplemental jurisdiction, even if it were permissible to retain jurisdiction, because the only federal claim has been dismissed, and the case is at an early stage.  *See* 28 U.S.C. § 1367(c).  The Unruh Act claim is therefore dismissed as well.

**IT IS SO ORDERED.**

Dated: January 24, 2017

_____
VINCE CHHABRIA
United States District Judge